### UNITED STATES of America, Plaintiff–Appellee,

v.

### Robert Franklin WHITEAKER, Defendant–Appellant.

---

**United States of America, Plaintiff–Appellee,**

v.

**Shawna Rochelle Whiteaker, Defendant–Appellant.**

**Nos. 04–10598, 04–10619.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2007.

Filed March 26, 2007.

USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

William G. Panzer, Esq., Law Offices of William G. Panzer, John P. Balazs, Esq., Law Offices of John P. Balazs, Jan David Karowsky, Sacramento, CA, for Defendants–Appellants.

Before: SCHROEDER, Chief Circuit Judge, NOONAN, Circuit Judge, and SCHIAVELLI *, District Judge.

### MEMORANDUM **

Robert Franklin Whiteaker was convicted by conditional guilty plea to manufac-

---

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

turing marijuana in violation of 21 U.S.C. § 841(a)(1) and to possessing an unregistered short-barreled shotgun in violation of 26 U.S.C. § 5861(d). Shawna Rochelle Whiteaker was convicted by conditional guilty plea to misprision of a felony in violation of 18 U.S.C. § 4. The Whiteakers appeal the denial of their motion to suppress evidence seized during the search of their home. We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

The district court's determination that Placer County Sheriff's Deputies found marijuana in a trash can outside the Whiteakers' residence was not clearly erroneous. Both deputies testified that they recovered marijuana from the trash can. In spite of problems in Deputy Tracy Grant's treatment of the evidence and in his testimony, the district court's finding that the deputies were credible is entitled to special deference. *McClure v. Thompson*, 323 F.3d 1233, 1241 (9th Cir.2003).

Despite Deputy Grant's intentional omission of material facts from his warrant affidavit, the district court still found that the Whiteakers' power usage was substantially higher than their neighbors. *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). This finding was not clearly erroneous, and the district court was in a better position to evaluate the evidence of the relative power usage. Based on its factual findings, the district court correctly held that the warrant affidavit established probable cause for the search. *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir.2003).

The district court did not abuse its broad discretion in excluding expert witness testimony on the indoor cultivation of marijuana as irrelevant. *United States v. Rodriguez–Rodriguez*, 393 F.3d 849, 856 (9th Cir.2005).

Finally, the use of federal grand jury subpoenas to obtain power records did not render the search warrant invalid. The issuance of federal grand jury subpoenas during a joint federal and state agency investigation does not violate Federal Rule of Criminal Procedure 6(e).

We AFFIRM.